UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH A. CRISTIANO, CDCR #AW-6241, <br><br> Plaintiff, <br><br> vs. <br><br> EDMUND G. BROWN, Jr., Governor, et al., <br><br> Defendants. | Case No.: 3:16-cv-3077-BEN-BLM <br><br> **ORDER:** <br><br> **1) DENYING MOTION FOR JUDICIAL NOTICE** <br> **[ECF No. 8]** <br><br> **AND** <br><br> **2) DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A(b)(1)** |

JOSEPH A. CRISTIANO ("Plaintiff"), incarcerated at Pleasant Valley State Prison ("PVSP") and proceeding pro se, has filed this civil rights action filed pursuant to 42 U.S.C. § 1983.

I. **Procedural Background**

On April 5, 2017, the Court granted Plaintiff leave to proceed in forma pauperis, but dismissed his Complaint sua sponte for failing to state a claim pursuant to the initial screening provisions in 28 U.S.C. § 1915(e)(2) and § 1915A(b), and granted him leave to amend. *See* ECF No. 5 at 12-13.

In his Complaint, Plaintiff sought to sue the Governor of California, high ranking officials at the California Department of Corrections and Rehabilitation ("CDCR"), the Warden of PSVP, and the San Diego Superior Court Judge who "sentenced [him] to a plea agreement that placed [him] in a prison system" that allegedly violated his Eighth Amendment rights due to overcrowding. (ECF No. 1 at 2.) With the exception of several paragraphs in which he complained of a non-functioning toilet, the lack of showers at the California Institution for Men ("CIM") in Chino where he was first incarcerated, and several other reports of gang intimidation, cell flooding, vermin, and power outages at PVSP where he is now incarcerated, *id.* at 27-29, Plaintiff's pleading contained virtually no facts specific to him or involving the persons he sought to sue. Instead, it was comprised of a narrative history of the still-pending California class action, *Brown v. Plata*,[1] of which he did not plainly claim to be a member, followed by case citations and quotations expounding upon broad principles of Eighth Amendment law, proportionality, and judicial immunity. *Id.* at 10-24.

In a lengthy and detailed April 5, 2017 Order, this Court found Plaintiff's Complaint failed to state a § 1983 claim for several reasons: 1) his claims for money damages against the San Diego Superior Court Judge who sentenced him were barred by absolute judicial immunity, *see* ECF No. 5 at 6; 2) he alleged no personal wrongdoing on behalf of the CDCR officials he claimed were responsible for supervising or training subordinates, *id.* at 6-8; 3) his claims of prison overcrowding and harsh conditions, by themselves, failed to state a plausible Eighth Amendment claim as to him personally, *id.* at 8-9; and 4) his request to "revers[e] and vacate" his criminal conviction and sentence was not a remedy available under § 1983. *Id.* at 10-11. Plaintiff was clearly and plainly notified of all these pleading deficiencies, referred to the relevant binding authority supporting the Court's analysis, and provided an opportunity to fix these problems in an

---

[1] *See generally Brown v. Plata*, 463 U.S. 493, 499-503 (2011) (affirming 3-judge district court order requiring California to reduce its prison population).

Amended Complaint. *Id.* at 5-12.

Plaintiff has since filed a First Amended Complaint ("FAC") (ECF No. 6), followed by a "Motion for Judicial Notice," both of which are essentially objections to the Court's April 5, 2017 Order (ECF No. 8). Because Plaintiff's FAC still fails to state any claim upon which § 1983 relief can be granted, however, the Court denies his "Motion for Judicial Notice" and dismisses the entire action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1) with prejudice and without further leave to amend.

## II. Motion for Judicial Notice

First, Plaintiff seeks "judicial notice" of the Court's "demonstrate[d] . . . lack of understanding of the claims . . . proffered by [him]," and claims it erred by dismissing his Complaint for failing to state a claim. (ECF No. 8 at 1.) In his Motion, Plaintiff argues the Court misconstrued his Complaint altogether, and that his claim is "simple." (ECF No. 8 at 1.) Plaintiff seeks "judicial notice" of the fact that he was "sentenced to a term in a state prison system ruled in violation of the 8th Amendment," and that "by adding an 8th Amendment violation on top of [his] sentence," his sentence "bec[a]me 'unauthorized.'" *Id.* "Because an unauthorized sentence is structural error it is reviewable at any time, requires reversal and is prejudicial per se." *Id.*

"The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b)(1)-(2). While Plaintiff's Motion is captioned as one requesting judicial notice, the document is actually comprised of conclusory argument that his state court criminal conviction and sentence violates the Eighth Amendment. "A request for judicial notice is not a proper vehicle for legal argument." *Garcia v. California Supreme Court*, No. CV 12-4504-DWM, 2014 WL 309000, at *1 (N.D. Cal. Jan. 21, 2014). "As a general rule, a court may not take judicial notice of proceedings or records in another cause so as to supply, without formal introduction of evidence, facts essential to support a contention in a cause then before it." *M/V Am. Queen v. San Diego*

3

3:16-cv-3077-BEN-BLM

*Marine Const. Corp.*, 708 F.2d 1483, 1491 (9th Cir. 1983) (citing 29 Am. Jur. 2d Evidence § 58 (1967)); *see also Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 560 (9th Cir. 2009) ("[J]udicial notice is generally not the appropriate means to establish the legal principles governing the case.").

For these reasons, Plaintiff's Motion for Judicial Notice (ECF No. 8) is DENIED.

**III.   Screening of Amended Complaint per 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)**

Because Plaintiff remains a prisoner and is proceeding IFP, his Amended Complaint (ECF No. 6), like his original, requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b).

A.   Standard of Review

"The purpose of § 1915A is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").

The Prison Litigation Reform Act requires the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b). Under these screening statutes, the Court must sua sponte dismiss complaints, or any portions of them, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§

1915(e)(2)(B), 1915A(b); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. The court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010), but it "may not supply essential elements of the claim that were not initially pled." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 954 (9th Cir. 2011) (citations omitted).

B. <u>Plaintiff's Amended Complaint</u>

Plaintiff's Amended Complaint (ECF No. 6), while it is captioned as his "First Amended Complaint" is not a complaint at all: it fails to identify the Defendants altogether, *see* FED. R. CIV. P. 10(a) ("[T]he title of the complaint must name all the parties"), and it fails to contain "factual content that allows the court to draw the reasonable inference that [any] defendant is liable for the misconduct alleged" in it. *Iqbal*, 556 U.S. at 678; *see also* FED. R. CIV. P. 8(a)(2) (governing general rules of pleading and requiring each complaint contain "a short and plain statement of the claim showing that

the pleader is entitled to relief").

Instead, Plaintiff's Amended Complaint, much like his original, contains citations to various Supreme Court cases, law review and newspaper articles on the general topic of prison overcrowding and the *Plata* class action, the "Trevor Carey Talk Program on 96.7 F.M. Radio in Fresno," and broad propositions of "sound legal theory backing his arguments." *See* ECF No. 6 at 1-11. Plaintiff concludes from these "labels and conclusions," *Iqbal*, 556 U.S. at 678, that his sentence "violates the 13th Amendment['s] prohibition of peonage/slavery," that he has "become a victim of … judicial oversight," and that only [his] release can solve the on-going violation since the entire system has been ruled to violate the [C]onstitution." *Id.* at 5, 7, 9.

But nowhere in his Amended Complaint does Plaintiff allege "sufficient factual matter, accepted as true, to 'state a [§ 1983] claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570), and he continues to request that his criminal sentence be "reversed," his sentence be vacated, and his criminal records he expunged and destroyed. (ECF No. 6 at 10-11.) As Plaintiff was previously advised, however, *see* ECF No. 5 at 10-11, challenges to the fact or duration of confinement must be brought in a habeas action, not in a civil rights case. Habeas corpus "is the exclusive remedy … for the prisoner who seeks 'immediate or speedier release' from confinement." *Skinner v. Switzer*, 562 U.S. 521, 525 (2011) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)). A challenge to the fact or duration of confinement that would, if successful, result in immediate or speedier release falls within the "core" of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 487-89 (1973); *see also Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus.").

C.   Leave to Amend

Because Plaintiff is proceeding pro se, the Court would normally grant him an opportunity to amend. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that leave to amend

should be given unless amendment would be futile); FED. R. CIV. P. 15(a); *Lopez*, 203 F.3d at 1127 (leave to amend should be granted unless the district court "determines that the pleading could not possibly be cured by the allegation of other facts.")

However, the Court denies Plaintiff further leave to amend in this case because doing so appears futile given Plaintiff's failure to address (or even to attempt to address) the pervasive factual pleading deficiencies identified in the Court's detailed April 5, 2017 Order. *See Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008) (noting district court's discretion to deny leave where amendment would be futile, among other reasons); *see also Diamond Real Estate v. Am. Brokers Conduit*, No. 16-CV-03937-HSG, 2017 WL 2180968, at *2 (N.D. Cal. May 18, 2017).

## IV. Conclusion and Order

For the reasons discussed, the Court:

1) **DENIES** Plaintiff's Motion for Judicial Notice (ECF No. 8); and

2) **DISMISSES** this civil action without further leave to amend for failure to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1), **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3), and **DIRECTS** the Clerk of Court to enter a final judgment of dismissal and close the file.

**IT IS SO ORDERED.**

Dated: 8/9/2017

HON. ROGER T. BENITEZ
United States District Judge